**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EDSON FURTADO : | |
|    Plaintiff : | |
| v : | Civil Action No. RWT-07-1504 |
| STAPHANIE REID, *et al.* : | |
|    Defendants : | |

o0o

**MEMORANDUM OPINION**

On June 19, 2007, and July 27, 2007, the undersigned granted Plaintiff the opportunity to supplement the above-captioned complaint to explain whether the claims he raises pertain to a criminal conviction. Papers No. 3 and 6. In response to both Orders, Plaintiff has filed correspondence seeking appointment of counsel. Papers No. 4, 5 and 7. On July 27, 2007, Plaintiff's motion for appointment of counsel was denied. Paper No. 6. In his recent correspondence Plaintiff clarifies that he is seeking monetary damages for claimed constitutional rights violations in a criminal case currently pending in a state court.[1] See Paper No. 7 (referring to "pending criminal charges").

Monetary damages for alleged constitutional rights violations occurring in the course of criminal prosecution are unavailable unless and until the conviction is reversed, expunged, invalidated, or impugned. See Heck v. Humphrey, 512 U. S. 477, 487 (1994). The instant case concerns a criminal case that has not yet resulted in a conviction, but the rationale of Heck still applies. To entertain Plaintiff's claims that his due process rights have been violated by Maryland authorities would disrupt a pending state case and obviate the need for appellate review.

---

[1] See also www.casesearch.courts.state.md; State v. Edson Furtado, Case No. 102410C, Circuit Court for Montgomery County, Maryland (May 5, 2005).

To the extent Plaintiff's intent is to challenge the legality of his current confinement, his remedy does not include a federal civil rights claim for monetary damages. Plaintiff's claims for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction. In the event that the state courts agree with his assessment of the criminal proceedings against him and, as a result, orders his release and expungement of the charges against him, he may re-file his constitutional claim for damages at that time. A separate Order dismissing the complaint without prejudice follows.

  August 20, 2007                                  /s/
Date                                                     Roger W. Titus
                                                         United States District Judge